IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONARDO L. WINDOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00494 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and a supporting declaration (Doc. No. 2), filed by Ronardo L. Windom, an inmate of the South Central Correctional Facility in Clifton, Tennessee. Plaintiff also filed an application for leave to proceed *in forma pauperis* (IFP), that is, without prepaying fees and costs. (Doc. No. 3.) As explained below, Plaintiff's application for leave to proceed IFP is well taken, but this action will be transferred to the Western District of Tennessee in the interest of justice and for the convenience of parties and witnesses.

**I. LEAVE TO PROCEED IFP**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 3) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of

Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist.*

*of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," *id.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because all Defendants to the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). Seven of the twelve Defendants—Hall, Borden, Harding, Cross, Murrow, Sharpe, and Bermunez—appear to reside in Whiteville, Hardeman County, Tennessee, where they are employed as Hardeman County Correctional Facility (HCCF) officials. (*See* Doc. No. 1 at 5–6.) Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). While Plaintiff is presently incarcerated in the Middle District, at the South Central Correctional Facility, the complaint is solely concerned with alleged wrongdoing that occurred while he was incarcerated at HCCF. Although the five remaining Defendants—the Tennessee Department of Correction, Commissioner Tony Parker, and Assistant Commissioner Lee Dotson, and CoreCivic and its CEO, Damon Hininger—appear to reside within the Middle District, these Defendants are only alleged to have failed to discipline the HCCF wrongdoers or respond favorably to Plaintiff's grievance appeals after denial of the grievances at HCCF (Doc. No. 1 at 12–17), and are otherwise alleged to be vicariously liable for the negligent and intentional actions and inactions of the aforementioned HCCF officials. (*Id.* at 18.)

Though venue is not improper in this District, Section 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of

parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017). Here, given the nature of the allegations concerning injuries Plaintiff suffered while being transported in an HCCF van, and the residence in the Western District of Defendants alleged to be directly responsible for those injuries and for failing to adequately address Plaintiff's subsequent medical needs, the Court in its discretion finds that transfer is appropriate under Section 1404(a).

### III. CONCLUSION

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. The screening of the complaint under the PLRA will be taken up by the receiving court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE